# Case No. 690.

## AZCARATI v. FITZSIMMONS.

### [3 Wash. C. C. 134.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1811.

COURTS — CONFLICTING STATE AND FEDERAL JURISDICTION — TAKING MONEY OUT OF COURT — EXECUTION AFTER A YEAR AND A DAY.

1. Motion to take out of court money levied by the marshal, to satisfy a judgment obtained by the plaintiff against the defendant, on the ground of priority, under a judgment obtained in the court of the state of Pennsylvania, in favour of William Lewis Esqr. who made the motion.

2. Although the remedy by motion, to take money out of court, in a case of this kind, is not the only one the party has, yet, as it decides the rights of the parties in a summary way, it is convenient to all; but the court will take care, that the party who shall be authorized to take the money, is entitled to it, under a regular execution, and under which the proceedings have been regular. If irregularities appear, sufficient to set aside the execution, the party must resort to his suit at law against the officer.

[Cited in Rockhill v. Hanna, Case No. 11,-980; The Sabine. 50 Fed. 219.]

3. It is a fatal objection to an execution, that it issued more than a year and a day after the judgment, without a scire facias having been issued to revive the judgment.

[Cited in Rockhill v. Hanna, Case No. 11,-980.]

[As to the origin of the prescription of a year and a day, see The Avery, Id. 672.]

4. It seems, that the court would not be disposed to aid the plaintiff, in an execution which had been dormant for a considerable time, to the disadvantage of a party having equal equity, although he had been equally negligent.

[1] [Published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

William Lewis, executor of Fuller, on the 20th of March 1800, revived a judgment by scire facias, which had been obtained by Fuller. A fieri facias issued, returnable to December 1800; an alias fieri facias, returnable to December 1801, on which proceedings were stayed by order of Lewis. A plur. fieri facias returnable to March 1802, on which proceedings were likewise stayed. A second plur. fieri facias was then issued to December 1804, on which a return of nulla bona was made, and on the 9th of September 1811, a third plur. fieri facias was issued, to December, which was levied on the 12th of September 1811, on property in the hands of the marshal of this court, which he had seized prior to the date of this execution, under an execution from this court, obtained by Azcarati. The entry made in respect to the fieri facias, returnable to December 1801, is vice comes, non misit breve. The marshal having sold the property seized, in order to satisfy the plaintiff's execution, and brought the money into court; this motion was made on the part of Mr. Lewis, to take it out to satisfy his execution from the state court, on the ground of preference. As to the plaintiff's right, it appeared shortly as follows:— Under the fieri facias issued on his judgment in 1803, the marshal returned it, levied on real property, and an inquisition. A venditioni exponas issued in 1804. By the marshal's docket, it appears, that he levied this writ on the household furniture of the defendant, as per inventory taken, and that proceedings were stayed by order of plaintiff's attorney. The marshal was examined, and he stated, that having seized the furniture and made an inventory of it, on a former execution of one Verdere, which was partly settled, he levied the plaintiff's fieri facias on the same furniture, and an additional quantity; that he left the property with the defendant, taking an indemnity against subsequent executions; but that soon after the death of Fitzsimmons, in August last, he seized the property again, and retained possession till the sale, which seizure or repossession was gained, prior to the 9th of September, when Lewis's execution issued.

It was contended, by Tilghman and Rawle, for Lewis, that the furniture under Azcarati's fieri facias, was not seized, as appears by the only legal evidence, the return of the writ, and the marshal's docket, and that it could not be seized under the venditioni exponas. But at all events, the leaving the property with the defendant, did away the force of the seizure, as decided often in this court. That the proceedings of Lewis are regular, as an execution was taken out within a year after the judgment; and that the continuances, though not actually entered on the roll, may be considered as if done. Strange, 100; 2 Burns, 172.

Levy, for the plaintiff, contended, that Lewis's execution was irregular, as the con-

tinuances of his first execution cannot be entered, unless the first execution was returned and filed. 2 Wils. 82; 2 Tidd, Pr. 1004; 2 Saund. 72f, 68e.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

WASHINGTON, Circuit Justice, delivered the opinion of the court. The first question is, whether Mr. Lewis, in whose behalf this motion is made, is entitled to the money returned by the marshal, as levied, in satisfaction of the plaintiff's execution? If he would have been entitled, in case his right had accrued upon a judgment of this court, his case will not be different because his judgment was obtained in a state court. This is not the only remedy which a party has, to redress himself against an officer who applies to the satisfaction of some other judgment, the proceeds of property which is bound by the execution of such party. But the practice of deciding upon motion, the priorities and rights of contending parties, for money raised by the officer upon execution, and brought into court, contributes to the convenience of those parties, and to the safety of the officer. It saves expense. and prevents multiplicity of suits. Nevertheless, the court will take care, that the person who is authorized to take out the money, is entitled to the same, under a regular execution, and that the proceedings under it have been regular. If such irregularity appears, as in the opinion of the court is sufficient to set aside the execution; the court will not interfere in a summary way, in favour of the party, but will leave him to his other remedies, and will leave the officer to act in such manner as he may think most safe. For, it would be not less absurd than mischievous, to permit a person to take money out of court, under the authority of an execution, which, the court from which it issued may, and ought, to set aside for irregularity.

The question then is, whether the execution, under which Mr. Lewis claims, has been regularly issued? The objection that it issued more than a year and a day after the judgment, without a scire facias to warrant it, seems to the court fatal. It is true, that if the first execution, which was taken out within the year and day, returnable to December 1800, had been regularly continued down to the period when this execution issued; or if that execution had been returned and filed, so that the continuances could be considered as entered; this objection might be removed. And yet, even in that case, there might be considerations sufficiently weighty with the court, to forbid them from supplying the want of regular continuances in favour of an ancient, dormant, execution,

to the disadvantage of other creditors having equal equity, although they may have been equally faulty. But it is unnecessary, in this case, to consider the comparative merits of the contending parties for this money, since the court is of opinion, that the irregularity of the proceedings of the present applicant, is.fatal to his pretensions.